**ASAN HUSAINI OH, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–4537.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 16, 2009.

Opinion filed: Dec. 16, 2009.

Ephraim T. Mella, Esq., Philadelphia, PA, for Petitioner.

Zoe J. Heller, Esq., Thomas W. Hussey, Esq., Lyle D. Jentzer, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Attorney General of the United States.

Before: SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Asan Oh is an ethnic-Chinese Christian and a citizen of Indonesia. He entered the United States in 2001 with a visitor's visa, which he overstayed. Oh received a notice to appear and, before the IJ, conceded removability and sought asylum and related relief. Oh alleged that he would be singled out for persecution as an ethnic-Chinese Christian and that there is a pattern or practice of persecution against ethnic-Chinese Christians in Indonesia. The IJ denied relief, but granted Oh voluntary departure. Oh appealed to the BIA, arguing only that the IJ erred in determining that there is no pattern or practice of persecution against ethnic-Chinese Christians. The Board dismissed the appeal, and Oh filed a petition for review.

■ We have jurisdiction over Oh's petition pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir.2005). However, we review the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). We review agency factual determinations for substantial evidence, and will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir.2005) (internal citations omitted). We review legal questions *de novo*, subject to established principles of deference. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 171 (3d Cir.2008).

In his petition for review, Oh raises only one argument: that the IJ erred by failing to consider *at all* whether there is a pattern or practice of persecution against ethnic-Chinese Christian Indonesians. The Government's response is two-fold. First, the Government argues that we lack jurisdiction to entertain Oh's petition for review because he did not exhaust this argument before the BIA. Second, even if we have jurisdiction, we should deny the petition for review because Oh's argument lacks merit.

■ We "may review a final order of removal only if [ ] the alien has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. § 1252(d)(1). A petitioner is deemed to have exhausted all administrative remedies if he raises all issues before the BIA. *See Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir.2008). However, we do not apply this principle in a draconian fashion. *See id.* at 121. "Indeed, 'so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies.'" *Id.* (quoting *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir.2006) (internal quotation marks omitted)). Here, the Government distinguishes between Oh's argument to the BIA that the IJ erred in his determination regarding a pattern or practice of persecution and Oh's argument in his petition for review, which alleges a lack of any such consideration, and argues that the latter claim was not exhausted. We conclude that the latter argument is sufficiently related to that in his BIA appeal to satisfy the exhaustion requirement. Moreover, the issue is exhausted because the BIA implicitly considered the extent of the IJ's "pattern or practice" analysis in evaluating Oh's claim. *See Lin,* 543 F.3d at 123–24 (holding that an issue is exhausted if the BIA considers it *sua sponte* ).

■ Nevertheless, we agree with the Government that Oh's argument plainly lacks merit. Indeed, the IJ devoted a substantial portion of his oral decision to discussing conditions for ethnic-Chinese Christians within Indonesia, as well as to canvassing BIA and Circuit law on the existence of a pattern or practice of persecution. *See* A.R. 116–25. That even a cursory reading of the IJ's opinion could give rise to an argument that no such consideration occurred is perplexing and, more fundamentally, wrong.

Accordingly, we will deny the petition for review.